IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK F. OTT,<br><br>               Plaintiff,<br><br>   vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | 1:08cv0150 DLB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(Document 13)<br><br>ORDER REQUIRING PLAINTIFF TO SUBMIT OPENING BRIEF |

       On January 30, 2008, Plaintiff, proceeding pro se, filed the present action for judicial review of the denial of Social Security benefits.

       On October 27, 2008, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to file his opening brief. Plaintiff responded to the order on November 18, 2008. He explains that he did not know how to file an opening brief. He also attaches approximately 95 pages of recent medical records. Based on Plaintiff's response, the order to show cause is DISCHARGED.

       However, Plaintiff's response does not constitute an opening brief. The Court set forth the requirements of the opening brief in the February 1, 2008, Scheduling Order:

The opening and responsive brief shall contain the following:

    (a) a plain description of appellant's alleged physical or emotional impairments, when appellant contends they became disabling, and how they disable appellant from work;

    (b) a summary of all relevant medical evidence including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

    (c) a summary of the relevant testimony at the administrative hearing;

    (d) a recitation of the Commissioner's findings and conclusions relevant to appellant's claims;

    (e) a short, separate statement of each of appellant's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and

    f) argument separately addressing each claimed error.  Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.

The Court understands that Plaintiff is proceeding pro se and does not have the experience of an attorney.  Plaintiff should therefore focus on setting forth the reasons why he believes the Administrative Law Judge's denial of his September 14, 2004, application was incorrect.  Plaintiff is reminded that the Court's review of the decision is generally limited to the Administrative Record filed with the Court on July 3, 2008.  In other words, the Court only reviews the evidence that was before the Administrative Law Judge and related to the relevant time period.

To the extent that Plaintiff wishes to submit new evidence, he is informed that pursuant to the provisions of 42 U.S.C. § 405(g), a case may be remanded to the Secretary if the new evidence submitted is material and there is good cause for the failure to incorporate it into the record.  In order to be "material," the new evidence must be probative of the claimant's condition as it existed during the relevant time period -- on or before the administrative hearing.  *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 511 (9th Cir. 1987).  In addition, the claimant must prove to the reviewing court's satisfaction that there exists a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him."  *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984).  The good cause requirement is satisfied if the claimant could not have obtained the medical evidence at the time of

1 the administrative proceeding, even though the evidence surfaces after the Secretary's final decision.
2 *See Embry v. Bowen*, 849 F.2d 418, 423-24 (9th Cir. 1988); *Booz, supra*, 734 F.2d at 1380.
3           Plaintiff is therefore ORDERED to submit his opening brief within thirty (30) days of the
4 date of service of this order.  The Court will not consider the evidence attached to the response to the
5 order to show cause unless Plaintiff demonstrates that the evidence is material and that good cause
6 exists for failing to produce the evidence during the administrative action.
7           Failure to comply with this Order will result in dismissal of this action.

9    IT IS SO ORDERED.
10     **Dated:   November 19, 2008**                    **/s/ Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE

3